UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

RONALD N. RANEY, and NANCY }
E. RANEY, }
 }
    Plaintiffs, }
 }   CASE NO. CV 04-B-1204-W
vs. }
 }
HOUSEHOLD INTERNATIONAL, }
INC., et al., }

    Defendants.

## MEMORANDUM OPINION

The case is currently before the court on plaintiffs' Application for Default By the Court against defendant Household International, Inc., et. al. (Doc. 5.)[1] This action was instituted on June 14, 2004. (Doc. 1.) When no summons had been issued and no record of service filed by April 26, 2005, the court Ordered plaintiffs to show cause why this action should not be dismissed for failure to prosecute. (Doc. 2.) Plaintiffs responded that service was perfected on February 7, 2005. (Doc. 5). Plaintiffs have submitted a Summons and Return on Service Writ signed by Jim Morton, a private investigator, who claims to have achieved personal service on defendants at 1845 Montgomery Highway, Suite 233, Hoover, AL 35344, on February 7, 2005. (Doc. 5, Ex. A). However, the form of the summons allegedly served by plaintiffs does not comply with the requirements set forth in Rule 4(a) of the Federal Rules of Civil Procedure, and the purported service was outside the time limit for service set out in Rule 4(m).

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Under Rule 4(a), a summons must "be signed by the clerk, bear the seal of the court" and "state the time within which the defendant must appear and defend." Fed. R. Civ. P. 4(a). The Summons submitted by plaintiffs was not signed by the Clerk, does not carry the Seal of the Court, and does not state the time within which the defendant is required to answer. (Doc. 3). Also, the Summons submitted by plaintiffs, lists a Tuscaloosa address while the process server claims to have served defendant at an entirely different address in Hoover, Alabama. Furthermore, neither the Summons, nor the Return on Service Writ has been filed with the Clerk as proof of service in this case.

The defects in the form of the Summons aside, the date plaintiffs claim to have perfected service, February 7, 2005, is far outside the time period for service set forth in Rule 4(m). Fed. R. Civ. P. 4(m). Under Rule 4(m), service of the summons and complaint must be made upon the defendant within 120 days after the filing of the complaint. Upon the expiration of the time limit for service, the court may dismiss the action without prejudice.

Plaintiffs claim to have attempted service in the 120 days after filing the Complaint at defendants' registered agent, defendants' place of business in Tuscaloosa, and through defendants' attorney. (Doc. 4 ¶ 3). According to plaintiffs, service was unsuccessful because defendant no longer had a registered agent for service of process in the State of Alabama, his place of business was "closed" and his attorney is not authorized to accept service on his behalf (*Id.*) Plaintiffs allege that defendants have avoided service in violation of Alabama law requiring anyone doing business in the state to maintain a registered agent for service of process in the state. (Doc. 4 ¶ 4.)

Defendants contend that actual service has not been made. (Doc. 6). According to

defendants, plaintiffS did attempt to make service at the office of Donna Nathan, defendants' attorney of record in this case, and at a branch office of Household Finance Corporation of Alabama, neither of whom is authorized to accept service on behalf of defendants. (*Id.* ¶ 3). Defendants do not specifically address plaintiffs' contention that they no longer have a registered agent in Alabama, but they do assert that "[p]laintiffs have never attempted to serve the defendants through their registered agent". (*Id.*) Defendants argue that plaintiffs have not made a good faith effort to serve defendants, and are using this lawsuit to stall any progress in a case they have before bankruptcy court, which was stayed pending the outcome of this case. (Doc. 6 ¶ 5). Finally, defendants argue that this matter should be dismissed so that defendants may pursue relief due them in the bankruptcy case. (Doc. 6 ¶ 6).

As plaintiffs have clearly not made effective service, their Application for Default, (doc. 5), is due to be denied. In addition, because the plaintiffs have not shown good cause for failure to timely perfect service, this action will be dismissed without prejudice. An Order dismissing this action will be entered contemporaneously with this Opinion.

**DONE** this the 9th day of February, 2006.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE